# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **ELIJAH KIRKMAN BEY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **No. 6:25-CV-00136-LS** |
| | § | |
| **FREEDOM MORTGAGE** | § | |
| **CORPORATION and JOHN DOES 1-5,** | § | |
| | § | |
| *Defendants.* | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

*Pro se* Plaintiff Elijah Kirkman Bey sued Defendants Freedom Mortgage Corporation ("Freedom") and John Does 1 through 5 because they foreclosed on his property.[1] The Court grants Freedom's motion to dismiss.[2]

## I.    BACKGROUND.

Plaintiff owned property at 3606 Crescent Drive, Killeen, Texas.[3] He executed a promissory note and deed of trust with Freedom on March 15, 2024,[4] and Freedom subsequently foreclosed on the property.[5] As Freedom notes, Plaintiff "is a repetitive pro se litigant" who has filed multiple cases in both state and federal court regarding this foreclosure.[6] He filed a state court case in the 169th District Court of Bell County, Texas,[7] which is still pending in this court under

---

[1] ECF No. 71.
[2] ECF No. 95.
[3] ECF No. 1 at 3.
[4] ECF No. 71 at 3.
[5] *Id.* at 1.
[6] ECF No. 95 at 1.
[7] Notice of Removal at 1, *Kirkman Bey v. Freedom Mortg. Corp.*, No. 6:25-cv-00241-LS (W.D. Tex. June 9, 2025), ECF No. 1.

another cause number after Freedom removed it.[8] He also filed lawsuits against the Bell County Clerk's Office and Shelly Coston, the Bell County Clerk,[9] the Killeen Police Department,[10] the Justice of the Peace Court in Bell County and its judge, Nikola James,[11] and the Secretary of the U.S. Department of Veterans Affairs.[12] This court dismissed all of those cases for Plaintiff's refusal to pay the filing fees. Plaintiff appealed four of those cases to the Fifth Circuit which dismissed three of them for Plaintiff's refusal to pay the filing fees.[13]

## II.    LEGAL STANDARD.

A party may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] A complaint may include legal conclusions, but such

---

[8] *See id.*

[9] Complaint, *Kirkman Bey v. Coston et al.*, No. 6:25-cv-00204-LS (W.D. Tex. May 14, 2025), ECF No. 1-2.

[10] Complaint, *Kirkman Bey v. Killeen Police Dep't et al.*, No. 6:25-cv-00297-LS (W.D. Tex. July 10, 2025), ECF No. 1-2.

[11] Complaint, *Kirkman Bey v. Bell Cnty. Just. of the Peace Ct. Precinct 4 Place 2 et al.*, No. 6:25-cv-00309-LS (W.D. Tex. July 18, 2025), ECF No. 1-1.

[12] Notice of Removal, *Kirkman Bey v. Sec'y of the U.S. Dep't of Veterans Affs.*, No. 6:25-cv-00310-LS (W.D. Tex. July 21, 2025), ECF No. 1-1.

[13] U.S. Court of Appeals Judgment, *Kirkman Bey v. Killeen Police Dep't et al.*, No. 6:25-cv-00297-LS (W.D. Tex. Oct. 17, 2025), ECF No. 8; U.S. Court of Appeals Judgment, *Kirkman Bey v. Coston et al.*, No. 6:25-cv-00204-LS (W.D. Tex. Sept. 19, 2025), ECF No. 15; U.S. Court of Appeals Judgment, *Kirkman Bey v. Bell Cnty. Just. of the Peace Ct. Precinct 4 Place 2 et al.*, No. 6:25-cv-00309-LS (W.D. Tex. Oct. 8, 2025), ECF No. 10.

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[15] *Id.*

conclusions must be supported by factual allegations.[16] To survive a dismissal motion, "plaintiffs must allege facts that support the elements of the cause of action."[17]

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party.[18] Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[19] "'Naked assertions devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[20] "Rule 12(b)(6) motions are 'viewed with disfavor and rarely granted.'"[21]

## III.    ANALYSIS.

### A.    *Timeliness of Freedom's Motion*

Plaintiff argues that Freedom's motion to dismiss is untimely.[22] Freedom argues that Plaintiff never properly effected service on it so Freedom never had a response deadline.[23] Plaintiff filed his original complaint on April 10, 2025,[24] and attempted to serve his complaint on Freedom via fax,[25] which is not a recognized method of service under the Federal Rules of Civil Procedure.[26]

---

[16] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

[17] *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010).

[18] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

[19] *Twombly*, 550 U.S. at 555.

[20] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (cleaned up)); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (noting the Court will not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions" (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004))).

[21] *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (citation omitted).

[22] ECF No. 96 at 1–2.

[23] ECF No. 97 at 1–3.

[24] ECF No. 1.

[25] ECF No. 25.

[26] *See* Fed. R. Civ. P. 4(h) (outlining how to serve a corporation).

Plaintiff also sent the complaint to Freedom via certified mail,[27] which is allowed under the Texas Rules of Civil Procedure.[28] When a summons or citation is served under Texas law by certified mail, however, the return of service filed by the process server must include the return receipt with the addressee's signature.[29] The return of service filed by Plaintiff does not include a return receipt.

After Plaintiff filed his amended complaint on June 24, 2025,[30] he attempted to file proof showing that he served Freedom via certified mail, return receipt requested,[31] but again omitted the addressee's signature. As Freedom was never properly served,[32] Plaintiff's service was defective and Freedom was not required to respond at all, much less by a certain date. The subject motion was filed timely.

### B.    Fraudulent Inducement

Plaintiff asserts a claim of fraudulent inducement against Freedom.[33] A claim for fraud in Texas requires "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury."[34] Fraudulent inducement is "a species of fraud that requires the plaintiff and defendant to have entered into an enforceable contract."[35]

---

[27] ECF No. 63.

[28] *See* Fed. R. Civ. P. 4(h)(1)(A) (a corporation can be served in the same method as an individual); Fed. R. Civ. P. 4(e)(1) (an individual can be served by following state law in the state where the district court is located or where service is made); Tex. R. Civ. P. 106(a)(2) (allowing service on a defendant by certified mail, return receipt requested).

[29] Tex. R. Civ. P. 107(c); *see also Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010) (finding service insufficient under Fed. R. Civ. P. 4 when the defendants' signatures did not appear on the return receipts).

[30] ECF No. 71.

[31] ECF No. 91.

[32] *See Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988) ("The defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements.").

[33] ECF No. 71 at 5–6.

[34] *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 272 (5th Cir. 2012) (quoting *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994)).

[35] *Id.* at 273.

Under the Federal Rules of Civil Procedure, when a party alleges fraud or mistake it "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[36] This requires a plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[37]

Plaintiff has not pled his fraudulent inducement claim with particularity. He does not identify a speaker, state when and where the statements were made, specify the contents of the statements, nor explain why the statements were fraudulent or material misrepresentations. He alleges that Freedom "assur[ed] Plaintiff that the contract was routine and that no reservations or conditions were allowed"[38] but does not explain why this is a material misrepresentation. He also does not allege facts showing that Freedom knew its statements were false. The Court dismisses Plaintiff's fraud claim because he failed to plead it with particularity and there is insufficient factual pleading to support it.

### C.    Duress

A viable duress claim requires "a threat to do some act which the party threatening has no legal right to do," "some illegal exaction or some fraud or deception," and restraint that is "imminent and such as to destroy free agency without present means of protection."[39] "It is well established that there can be no duress unless there is a threat to do some act which the party threatening has no legal right to do."[40] The only threats that Plaintiff alleges are the threats of "legal

---

[36] Fed. R. Civ. P. 9(b).
[37] *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).
[38] ECF No. 71 at 3.
[39] *Lee v. Hunt*, 631 F.2d 1171, 1178 (5th Cir. Unit A 1980) (quoting *Tower Contracting Co., Inc., of Tex. v. Bruden Bros., Inc.*, 482 S.W.2d 330, 335 (Tex. Civ. App. 1972)).
[40] *Sanders v. Republic Nat'l Bank of Dall.*, 389 S.W.2d 551, 554 (Tex. Civ. App. 1965).

action, loss of the home, or other harm" and "immediate foreclosure or calling law enforcement."[41] Plaintiff insufficiently alleges that Freedom, as Plaintiff's mortgage servicer, did not have the legal right to take these measures with respect to the subject foreclosure. Accordingly, Plaintiff fails to state a viable duress claim.

### D.    FDCPA Claims

Plaintiff asserts that Freedom violated the FDCPA by failing to provide the required notice under 15 U.S.C. § 1692g, continuing its collection action despite Plaintiff's dispute of the debt, engaging in harassment and abuse, making false and misleading representations, and engaging in unfair or unconscionable means to collect the debt.[42]

"The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others."[43] A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[44] Importantly, "a debt collector does not include . . . a mortgage servicing company,"[45] which is precisely what Plaintiff labels Freedom.[46] Although Plaintiff includes a conclusory allegation that "Freedom regularly engages in the collection of consumer mortgage debts,"[47] whether a party "regularly" attempts to collect debts is determined by the volume or frequency of its debt-collection activities[48] and Plaintiff pleads no facts in this

---

[41] ECF No. 71 at 3.
[42] ECF No. 71 at 6–8.
[43] *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).
[44] 15 U.S.C. § 1692a(6).
[45] *Perry*, 756 F.2d at 1208.
[46] ECF No. 71 at 2 ("[Freedom] is believed to be the current servicer of the mortgage loan in question.").
[47] *Id.*
[48] *Brown v. Morris*, 243 F. App'x. 31, 35 (5th Cir. 2007) (citing *Garrett v. Derbes*, 110 F.3d 317, 318 (5th Cir. 1997)).

regard. Finally, "the activity of foreclosing on a property pursuant to a deed of trust is not the collection of debt within the meaning of the FDCPA."[49] Plaintiff's FDCPA claims fail.

### E.    TDCA Claims

Plaintiff also alleges that Freedom violated the TDCA by using threats or coercion, harassment or abuse, unfair or unconscionable means, and fraudulent, deceptive, or misleading representations to collect a debt.[50]

Plaintiff alleges that Freedom violated Tex. Fin. Code § 392.301(a)(3) by "falsely representing to others (and to Plaintiff) that Plaintiff was willfully refusing to pay a *non-disputed* debt even though it was *disputed in writing.*"[51] Section 392.301(a)(3) prohibits a debt collector from representing "to any person other than the consumer that a consumer is wilfully [sic] refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute." Plaintiff, however, fails to plead to what third party Freedom made any such representations

He also alleges that Freedom threatened foreclosure in violation of Tex. Fin. Code § 392.301(a)(7), which provides that a debt collector cannot threaten "that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings."[52] The statute provides, however, that a debt collector may "exercise[e] or threaten[] to exercise a statutory or contractual right of seizure, repossession, or sale that does

---

[49] *Parker v. Buckley Madole*, *P.C.*, No. 4:17-cv-00307-ALM-CAN, 2018 U.S. Dist. LEXIS 57477, at *15 (E.D. Tex. Jan. 11, 2018) (collecting cases).
[50] ECF No. 71 at 8.
[51] *Id.*
[52] *Id.*

not require court proceedings."[53] Accordingly, § 392.301(a)(7) "does not apply to [a] non-judicial foreclosure."[54]

Plaintiff alleges that Freedom violated § 392.302 by calling him "at odd hours" and using intimidation.[55] Section 392.302(2) provides that a debt collector may not "plac[e] telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number."[56] Plaintiff, however, alleges no facts supporting this claim.

Plaintiff alleges that Freedom violated Tex. Fin. Code § 392.303 by monitoring his private property and obtaining his signature on the note via duress.[57] Even if Plaintiff had alleged sufficient facts to support this claim, which he did not, § 392.303 does not proscribe this alleged conduct.[58]

Finally, Plaintiff alleges that Freedom violated § 392.304 by claiming that the debt was enforceable and foreclosure was impending.[59] Under § 392.304, a debt collector may not "us[e] any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."[60] Plaintiff does not explain why these alleged statements were false or otherwise deceptive.

For these reasons, Plaintiff fails to allege a viable TDCA claim.

---

[53] Tex. Fin. Code § 392.301(b)(3).
[54] *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 477 (5th Cir. 2015).
[55] ECF No. 71 at 8.
[56] Tex. Fin. Code § 392.302(2).
[57] ECF No. 71 at 8.
[58] *See* Tex. Fin. Code § 392.303 (listing the practices considered "unfair or unconscionable means").
[59] ECF No. 71 at 8.
[60] Tex. Fin. Code § 392.304(a)(19).

### F.    Constitutional Claims

Plaintiff asserts that his due process rights under the Fifth and Fourteenth Amendments were violated.[61] He brings a claim under 42 U.S.C. § 1983, which prohibits a person "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Colombia" from depriving any other person "of any rights, privileges, or immunities secured by the Constitution and laws." Freedom argues that it cannot be held liable under § 1983 because it is a private party.[62]

"To state a cause of action under section 1983 the [party] must allege that the person who deprived him of a federal right was acting under color of law."[63] The defendant must "have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[64] This requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful."[65] Instead, "[a] plaintiff must show that the party charged with depriving the plaintiff of [his] federal right is an entity that can be fairly described as a state actor."[66] In other words, the state must have "exercised coercive power or ha[ve] provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State."[67]

---

[61] ECF No. 71 at 10–11.
[62] ECF No. 95 at 17–18.
[63] *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004).
[64] *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).
[65] *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 352 (5th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 50 (1999)).
[66] *Id.*
[67] *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

Plaintiff does not explain how Freedom acted under color of state law such that Freedom could be considered a state actor. Freedom is a private corporation that engaged in a non-judicial foreclosure.[68] These claims fail.

### G.    Declaratory Judgment to Quiet Title

Plaintiff also sued to quiet title.[69] A plaintiff bringing a quiet title claim must show that the defendant "(1) created a hindrance to the plaintiff's title, having the appearance of a better right to title than his own, that (2) appears to be valid on its face, and that (3) for reasons not apparent on its face, is not valid."[70] Plaintiff alleges that Freedom's note is void or voidable because of fraud and duress and that the debt has been paid off "or nullified."[71] Plaintiff's fraud and duress claims are discussed above and Plaintiff does not allege sufficient facts supporting any contention that the debt is paid off or was nullified. This claim fails as well.

### H.    Leave to Amend

Plaintiff has not requested leave to amend his complaint. Generally, when a court dismisses a claim, "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."[72] Plaintiff already amended his complaint once and it remains factually insufficient. Additionally, "[g]ranting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'"[73] Plaintiff does not indicate in his response that he has not pleaded his best case and

---

[68] ECF No. 71 at 10.

[69] ECF No. 71 at 9.

[70] *DTND Sierra Invs. LLC v. Bank of N.Y. Mellon Tr. Co., N.A.*, 958 F. Supp. 2d 738, 745 (W.D. Tex. 2013).

[71] ECF No. 71 at 9.

[72] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).

[73] *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

provides no additional facts that he would include in an amended complaint.[74] Finally, a court need not allow a plaintiff to amend a complaint if the amendment would be futile.[75] For these reasons, the Court denies Plaintiff leave to amend, especially given the numerous other state and federal lawsuits that Plaintiff has already filed about this very same foreclosure, including his other lawsuit against Freedom which remains pending in this very court.

## IV.    CONCLUSION.

For the reasons stated above, Defendant Freedom Mortgage Corporation's motion to dismiss [ECF No. 95] is **GRANTED**. Plaintiff's claims against Defendant Freedom Mortgage Corporation are dismissed without prejudice. All pending motions in this case are denied as moot and the Clerk shall **CLOSE THIS CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on January 16, 2026.

_____

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[74] *See id.* (citing cases where the Fifth Circuit affirmed dismissal of a complaint where the litigant failed to explain what additional facts he would include in his amended complaint).
[75] *Stripling v. Jordan Produc. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000).

11